# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **A.J. and Z.S.**

**No. 18-0298** (Raleigh County 2017-JA-010 and 011)

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother N.S., by counsel P. Michael Magann, appeals the Circuit Court of Raleigh County's March 5, 2018, order terminating her parental rights to A.J. and Z.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Brandon L. Gray, filed a response on behalf of the children in support of the circuit court's order. J.S., the nonabusing father of Z.S., by counsel Timothy P. Lupardus, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her a post-dispositional improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 10, 2017, the DHHR filed an abuse and neglect petition alleging that A.J. was born addicted to substances and that her umbilical cord tested positive for benzodiazepines, methadone, and marijuana. Petitioner also tested positive for the same substances at the time she gave birth to the child. Additionally, the DHHR alleged that petitioner placed the child at risk at the hospital by "forgetting to feed the child" and by placing the child on an open cot to sleep.

On July 12, 2017, petitioner stipulated to the allegations of abuse and neglect. Petitioner was adjudicated as an abusing parent and was granted a post-adjudicatory improvement period. Following the hearing, petitioner agreed to a parenting plan that required her to participate in parenting skills, adult life skills services, and drug screens and complete an inpatient drug treatment program. On September 20, 2017, petitioner was admitted into an inpatient substance abuse treatment program. However, petitioner left the program on October 5, 2017, against

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

medical advice. Petitioner failed to obtain any additional treatment. On November 8, 2017, the DHHR and the guardian filed a joint motion to terminate petitioner's post-adjudicatory improvement period due to her non-compliance.

On November 27, 2017, the circuit court held a hearing on the motion to terminate petitioner's post-adjudicatory improvement period. A service provider testified that she provided services to petitioner four times in October of 2017, after she left the treatment facility. The service provider explained that she gave petitioner the necessary information for her to apply to a treatment facility, but petitioner failed to obtain treatment. The DHHR explained that, beginning in February of 2017, petitioner was directed to submit to drug screens twice a week. However, petitioner failed to appear for thirty-four screens and tested positive for substances on all of the twenty-one screens that she submitted to. Further, the visitation supervisor testified that petitioner scheduled seven visits with the children during her post-adjudicatory improvement period. The visitation supervisor explained that petitioner cancelled two visits, appeared intoxicated at one visit, and attended four visits. The DHHR also provided evidence that caseworkers encouraged petitioner to seek treatment for her addiction multiple times, but petitioner failed to do so. At the conclusion of the hearing, the circuit court found that petitioner did not comply with the terms and conditions of her post-adjudicatory improvement period and that she demonstrated a "habitual use of controlled substances for which she did not have a prescription, an unwillingness to participate in programs offered, an unwillingness to be aware of her need for help with issues, and . . . willfully refused to cooperate in the execution of her family case plan." Accordingly, the case was set for disposition.

On February 28, 2018, the circuit court held a dispositional hearing at which the DHHR and the guardian moved to terminate petitioner's parental rights. Petitioner did not appear for the hearing because she entered into a treatment facility on February 24, 2018. However, she was represented by counsel. The circuit court took judicial notice of the evidence presented at the hearing on the motion to terminate petitioner's post-adjudicatory improvement period. The circuit court heard additional testimony regarding petitioner's continued lack of effort to address her addiction after the termination of her improvement period. The circuit court found that petitioner made "minimal to non-existent" effort to address her substance abuse. The circuit court also found no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination of her parental rights was in the children's best interests. The circuit court ultimately terminated petitioner's parental rights in its March 5, 2018, dispositional order.[2] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

---

[2]According to respondents, A.J.'s father, D.J., is currently participating in a post-adjudicatory improvement period. The permanency plan for A.J. is reunification with her father or adoption by her paternal grandmother. Z.S.'s father, J.S., is a non-abusing parent and has full custody of Z.S.

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in not granting her a post-dispositional improvement period. In support, she contends that she was making "sufficient progress and improvement" in her current residential substance abuse treatment program. Additionally, she argues that the children would not be harmed by allowing her additional time for improvement. We do not find these arguments persuasive. Pursuant to West Virginia Code § 49-4-610(3)(D), a circuit court may grant a parent an improvement period at disposition if "the [parent] demonstrates that since the initial improvement period, the [parent] has experienced a substantial change in circumstances. Further, the [parent] shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period . . . ." West Virginia Code § 49-4-610 also requires the parent to move, in writing, for an improvement period, which petitioner did not do. Here, petitioner was previously granted a post-adjudicatory improvement period. However, the record demonstrates that petitioner could not establish a substantial change in circumstances since her initial improvement period or that she was likely to fully participate in a new improvement period.

Although she argues that she was making "sufficient progress" in her most recent treatment program, petitioner failed to successfully complete a treatment program during her post-adjudicatory improvement period as required by her family case plan. In September of 2017, petitioner entered into a program and completed approximately fifteen days of treatment before she left against medical advice. Petitioner's improvement period was terminated in November of 2017 and she did not enter into another treatment program until February of 2018. Additionally, during her post-adjudicatory improvement period, petitioner failed to appear for thirty-four screens and tested positive for substances on each of the twenty-one screens that she submitted to. Further, petitioner scheduled seven visits with the children, but appeared to be intoxicated at one visit and cancelled two visits. Based on this evidence, petitioner did not meet the requisite burden to receive a post-dispositional improvement period.

Petitioner also argues that the circuit court erred in terminating her parental rights. We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(1) provides that no reasonable

3

likelihood that the conditions of abuse or neglect can be substantially corrected exists when the parent has "habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the [parent has] not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning[.]"

As discussed above, petitioner continued to abuse substances throughout the proceedings, missed numerous drug screens, and tested positive for substances on the screens for which she appeared. Additionally, she failed to complete a residential treatment program, as required by her family case plan. Based on this evidence, it is clear that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future, and that termination was in the children's best interests. Therefore, we find no error in the circuit court's termination of petitioner's parental rights.

Further, while petitioner argues that the circuit court erred in terminating her parental rights without considering a less-restrictive dispositional alternative, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011).  For these reasons, termination of petitioner's parental rights was appropriate.

Lastly, due to the ongoing nature of A.J.'s father's abuse and neglect proceedings, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the dispositional order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order

4

must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va. Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 5, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  October 12, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating